UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

IN RE:
SEAN D. PALMER

JESSE GARY,

    Appellant,

    v.

SEAN D. PALMER,

    Appellee.

Civil Action No. TDC-19-2217

**MEMORANDUM OPINION**

Appellant Jesse Gary appeals an order of the United States Bankruptcy Court for the District of Maryland in which the bankruptcy court granted in part a motion by Appellee Sean D. Palmer seeking leave to amend his Answer to a Complaint in an adversary proceeding, then dismissed the adversary proceeding because the Complaint was untimely filed. The appeal is fully briefed and ripe for disposition. No hearing is necessary to resolve the issues. D. Md. Local R. 105.6. For the reasons set forth below, the order of the bankruptcy court will be AFFIRMED.

**BACKGROUND**

**I.    Bankruptcy Proceedings**

On April 30, 2018, Palmer filed a Voluntary Petition for Chapter 7 Bankruptcy ("the Petition") and listed Gary amongst his creditors. Palmer's debt to Gary arose out of a May 31, 2016 default judgment entered in Gary's favor by the Superior Court of the District of Columbia ("D.C. Superior Court"). In that court, Gary alleged that Palmer failed to properly perform

construction services as part of a renovation of Gary's home, and that Palmer made various misrepresentations about the quality of, and licensing for, the work performed. Palmer did not appear or otherwise defend against the allegations in the civil proceeding, and the D.C. Superior Court entered a default judgment against Palmer following a May 20, 2016 *ex parte* hearing. In granting the default judgment, the D.C. Superior Court awarded Gary compensatory damages, treble damages, post-judgment interest, and attorney's fees. Palmer's Petition listed Gary's creditor claim as a $750,000 judgment.

On April 30, 2018, the bankruptcy court issued a notice scheduling the initial meeting of creditors to occur on June 5, 2018 and setting August 6, 2018 as the filing deadline to object to Palmer's discharge. Only the Bankruptcy Trustee ("the Trustee") and the attorneys for Gary and Palmer appeared at the June 5, 2018 meeting. Palmer, the debtor, was unable to attend due to a last-minute emergency. At the meeting, Gary's counsel consented to continuing the creditors' meeting to July 18, 2018 in exchange for a 60-day extension of the time for all parties to file complaints objecting to Palmer's discharge. This request was presented to the bankruptcy court in a Consent Motion to Extend the Deadline to File Complaints Objecting to Discharge ("the Consent Motion") filed on June 13, 2018. On June 18, 2018, the bankruptcy court issued an order granting the Consent Motion and extended the deadline to object to Palmer's discharge to October 5, 2018. The order also included language, in capital letters, stating: "NOTICE: THIS ORDER DOES NOT EXTEND THE DEADLINE TO FILE A COMPLAINT TO DETERMINE THAT A DEBT IS NOT DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523(c)." Appendix to Appellant's Br. ("App.") at 172, ECF No. 5-1.

At the July 18, 2018 creditors' meeting, only the Trustee, Palmer, Palmer's attorney, and Gary's attorney were in attendance. Gary's counsel informed the parties that Gary intended to file

2

an adversary proceeding with respect to the debt from the D.C. Superior Court judgment. On October 16, 2018, the bankruptcy court issued an order discharging Palmer.

**II.   Adversary Proceeding**

On October 5, 2018, before the discharge, Gary filed an adversary proceeding ("the Adversary Proceeding") pursuant to 11 U.S.C. § 523(c) to prevent discharge of Palmer's debt to him. The Adversary Proceeding Complaint ("the Complaint") relied on exceptions to discharge contained in 11 U.S.C. § 523(a), under which an individual debtor can be deemed not discharged from a debt for money obtained by false representations or fraud, or a debt arising from a willful and malicious injury to the property of another. 11 U.S.C. § 523(a)(2) and (a)(6) (2018). No other creditor actions were filed. The Summons and Complaint were served on Palmer on December 14, 2018. Although Palmer's response to the Complaint was due on January 14, 2019, he failed to file an Answer or other responsive pleading by that date. Gary requested a Clerk's Entry of Default on January 22, 2019. The Clerk entered default the same day. On January 29, 2019, Palmer filed a self-represented Answer using a bankruptcy court form and asserted various defenses to Gary's claim, but he did not assert as a defense the untimeliness of the Complaint.

On March 27, 2019, Gary's counsel and Palmer, who was still self-represented, appeared at the bankruptcy court for a pretrial conference, during which the bankruptcy court *sua sponte* vacated the default against Palmer. On April 2, 2019, Palmer, now represented by counsel, filed a "Motion to Amend Answer to Assert Untimeliness of Complaint and Counter Claim for Violation of Discharge Injunction, and Request for Sanctions and Attorney Fees" ("Motion to Amend"), along with a proposed Amended Answer. App. at 93, 106. In the Amended Answer, Palmer asserted for the first time that the Complaint was untimely filed. On April 16, 2019, the

bankruptcy court issued a scheduling order setting a series of deadlines leading up to a November 18, 2019 trial date.

After the Motion to Amend was fully briefed, the bankruptcy court held a hearing on the motion on July 17, 2019. During the hearing, Palmer's counsel acknowledged that the original Answer was filed after entry of default but noted that it was filed without the benefit of counsel. He argued that the Amended Answer should be allowed where it was filed prior to the adjudication of the merits of the nondischargeability claim, and that Palmer was entitled to attorney's fees for having to secure counsel to defend against the untimely filed Adversary Proceeding. Palmer's counsel also confirmed that Palmer was represented by counsel at the time that the Complaint was filed, but that he was not represented at the time that he was served with the Complaint.

Gary's counsel asserted that, given the agreement of the parties at the rescheduled creditors' meeting, he understood the extension of time sought in the Consent Motion to include extending the deadline to object to dischargeability of a debt. He acknowledged that the Complaint was not filed by the original deadline of 60 days after the original creditors' meeting date but noted that it was filed before Palmer was discharged. Gary's counsel further argued that there was no basis for sanctions, and that the bankruptcy court should exercise its discretion and equitable powers to deny leave to file the Amended Answer and allow the Adversary Proceeding to go forward because of the prejudice to Gary that would arise from dismissal of a meritorious Adversary Proceeding where he had otherwise diligently pursued his claim.

The bankruptcy court granted in part the Motion to Amend by allowing the late filing of Palmer's Amended Answer and dismissing the Adversary Proceeding on statute of limitations grounds, but it denied Palmer's request for sanctions and attorney's fees. Specifically, in granting leave to amend, the bankruptcy court relied on Federal Rule of Bankruptcy Procedure 7015 and

*Kontrick v. Ryan*, 540 U.S. 443 (2004), which held that a debtor forfeits the right to raise an affirmative defense of untimeliness if the debtor does not raise the issue before the bankruptcy court reaches the merits of the creditor's objection. *Id.* at 459-60. The bankruptcy court noted that here, at the time the Motion to Amend was filed, there had been no substantive pleadings filed after the Complaint and Answer, and the scheduling order had not yet been issued. The bankruptcy court also weighed the equities between Palmer, who would "not have . . . necessarily known to raise statute of limitations at that time as a *pro se* Debtor," App. at 145, and Gary's counsel, who should have read the bankruptcy court's "very clear" extension order, which was "bolded so that laypeople can read it and understand the difference." *Id.* at 145-46. The bankruptcy court denied the request for sanctions because Gary's counsel had failed to file a timely Complaint based on the mistaken impression that the deadline was extended and had not acted willfully.

On July 23, 2019, the bankruptcy court entered its order memorializing the oral ruling ("the Order") granting leave to amend the Complaint, dismissing the Adversary Proceeding as untimely filed, and denying the request for sanctions and attorney's fees. On July 30, 2019, Gary filed a timely Notice of Appeal.

**DISCUSSION**

On appeal, Gary argues that the bankruptcy court abused its discretion by permitting Palmer to amend his untimely Answer after it had vacated the default against him and failing to consider "equity and fairness," including the "extreme prejudice" to Gary, in accepting the Amended Answer. Appellant's Br. at 7, 13, ECF No. 5. More specifically, Gary argued that because equitable considerations weighed in favor of accepting Gary's Complaint as timely, the grant of leave to amend the Answer was an abuse of discretion. Gary also asserted that the bankruptcy court erred in not deeming the untimeliness defense first raised in the Amended

5

Answer to be waived. In response, Palmer argues that the bankruptcy court's ruling should be affirmed because Palmer's original Answer was filed *pro se*; the Motion to Amend was filed well before any hearing on the merits of the Adversary Proceeding had occurred; and the equities did not weigh in favor of denying leave to amend because Gary's late filing of the Complaint was due to an error by Gary's counsel. As is apparent from the briefing, and as confirmed in Gary's reply brief, Gary does not argue that equitable defenses tolled the deadline for filing the Complaint.

While Gary formally presents four questions for this Court's review, the questions presented are most fairly construed as whether: (1) the bankruptcy court abused its discretion in granting leave to amend the Answer to assert an untimeliness defense because it failed to consider equitable factors, including the fact that the bankruptcy court had vacated the default and the prejudice to Gary that would result from the Amended Answer; and (2) the bankruptcy court erred in ruling that Palmer had not waived his right to assert an untimeliness defense.

**I.  Standard of Review**

The Court has jurisdiction over this appeal because the bankruptcy court's order granting the Motion to Amend and dismissing the Adversary Proceeding is a final order. 28 U.S.C. § 158(a)(1) (2018). When reviewing a bankruptcy court's order, the district court acts as an appellate court. *See id.* A district court reviews the bankruptcy court's legal conclusions *de novo* and its findings of fact for clear error. *Canal Corp. v. Finnman* (*In re Johnson*), 960 F.2d 396, 399 (4th Cir. 1992).

The bankruptcy court's decision whether to grant leave to amend a complaint is committed to its discretion and is thus reviewed for abuse of discretion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that whether to grant leave to amend is "within the discretion" of the trial court); *Medigen of Ky. v. Pub. Serv. Comm'n*, 985 F.2d 164, 167 (4th Cir. 1993); *Mercantile*

*Peninsula Bank v. French (In re French)*, 499 F.3d 345, 357 n.11 (4th Cir. 2007) (applying an abuse of discretion standard to the question whether the bankruptcy court properly allowed a party to supplement its complaint); *Yankah v. Yankah (In re Yankah)*, 514 B.R. 159, 163-64 (E.D. Va. 2014). A court "abuses its discretion if its conclusion is guided by erroneous legal principles or rests upon a clearly erroneous factual finding." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999) (internal citations omitted); *Yankah*, 514 B.R. at 163. Under this standard, a reviewing court reverses a determination when it "has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Westberry*, 178 F.3d at 261 (quoting *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 506 (4th Cir. 1977)); *Yankah*, 514 B.R. at 164.

## II. Leave to Amend

Gary argues that the bankruptcy court abused its discretion by granting leave to amend the Answer pursuant to Federal Rule of Civil Procedure 15 without consideration of "equity and fairness," where Palmer had defaulted and the bankruptcy court *sua sponte* vacated the default, and the bankruptcy court failed to consider the "extreme prejudice" to him resulting from the filing of Palmer's Amended Answer. Appellant's Br. at 16-17. Palmer asserts that the bankruptcy court merely relied on well-settled precedent permitting amendments to pleadings.

Federal Rule of Civil Procedure 15 "applies in adversary proceedings." Fed. R. Bankr. P. 7015. Under Rule 15(a), a party may amend its pleading before trial with leave of the court, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this principle, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility

7

of amendment, etc.," leave should be freely given "as the rules require." *Foman*, 371 U.S. at 182. Thus, a court's discretion to deny an amendment is "limited by the interpretation given Rule 15(a) in *Foman*, and by the general policy embodied in the Federal Rules favoring resolution of cases on their merits." *Island Creek Coal Co. v. Lake Shore*, *Inc*., 832 F.2d 274, 279 (4th Cir. 1987). Courts should therefore "focus on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend." *Id.* "[D]elay alone is not sufficient reason to deny leave to amend." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

As an initial matter, to the extent that Gary takes issue with the bankruptcy court acting *sua sponte* to vacate the entry of default against Palmer, the Court finds no abuse of discretion where, as the bankruptcy court explained to the parties, it ruled in a manner consistent with courts' preference that cases be heard on their merits. *See United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (stating that "relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense"); *Island Creek*, 832 F.2d at 279. Where default was entered on January 22, 2019, only eight days after the deadline for filing an Answer, and Palmer then filed his original Answer only one week after the entry of default, on January 29, 2019, the vacating of the default was entirely proper. Particularly where Palmer was not represented by counsel at the time he was served with Gary's Complaint, his filing of his *pro se* Answer at that time was reasonably diligent and demonstrated an intent to litigate the merits of the dispute.

On the central question of whether leave to amend was warranted, there is no claim that the proposed amendment would have been futile. The bankruptcy court correctly found no bad faith or undue delay by Palmer given that he had been self-represented as late as the March 27,

8

2019 hearing, and, once retained, his counsel filed the Motion to Amend on April 2, 2019, less than a week after the entry of default was vacated.

As for prejudice, in considering this factor, courts typically focus on whether a late-filed amendment would unfairly result in the nonmoving party having expended significant resources unnecessarily, or would unfairly require that party to engage in additional expenditures of time and resources that would not be necessary without the amendment. *See, e.g.*, *Island Creek Coal*, 832 F.2d at 280 (considering but rejecting the argument that an amendment should be denied as prejudicial because it would require additional discovery and additional expert witnesses, where the defendant was already cognizant of that claim and it was already addressed by the expert witnesses in their depositions); *Johnson*, 785 F.2d at 510 (stating that "prejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party," such as when an amendment "is offered shortly before or during trial"). Contrary to Gary's claim, the bankruptcy court considered the question of prejudice when it noted the procedural posture of the Adversary Proceeding in which no substantive work on the merits had yet occurred. Although two months had passed since the original Answer, no scheduling order had issued, and trial was over seven months away, scheduled for November 18, 2019. Thus, the bankruptcy court considered prejudice and appropriately determined that the timing of the amendment did not unfairly prejudice Gary.

Gary's prejudice argument, in essence, is a claim that because the amendment would add a defense that is so compelling that it would cause him to lose the case on the merits, it is necessarily prejudicial under Rule 15. Gary cites no authority for this unorthodox interpretation of Rule 15. If anything, consideration of such an expansive view of prejudice cuts in favor of Palmer. In *Island Creek Coal*, after considering prejudice in terms of its impact on the resources

required of the parties, the court considered whether the "ends of justice" would support granting leave to amend. 832 F.3d at 280. However, the court concluded that because the proposed new claim of negligence potentially had merit, the plaintiffs "should be given an opportunity to prove such a claim if they can" because the ends of justice would not be satisfied by a denial of leave to amend, which would "in effect preclude the plaintiffs from ever having a hearing on this claim." *Id.* at 280-81. Likewise, where Palmer, a self-represented defendant, would lose a likely meritorious defense absent leave to amend, the ends of justice would favor permitting the amendment. *See id.*

To the extent that Gary claims that the amendment should have been denied as prejudicial because it would not be equitable to allow the untimeliness defense in light of his counsel's misreading of the extension order and the bankruptcy's flexibility in vacating the default, that argument effectively collapses into, and is more appropriately analyzed through the lens of, his related argument that the bankruptcy court should have concluded that the untimeliness defense was waived. The Court will address that argument below. *See infra* part III. Within the context of Rule 15, where the bankruptcy court appropriately considered the relevant factors of futility, bad faith, undue delay, and prejudice, the Court finds no abuse of discretion in the bankruptcy court's analysis and decision to "freely give leave" to Palmer to amend his Answer. Fed. R. Civ. P. 15(a)(2).

### III. Waiver

Whether framed as a basis to conclude that the Amended Answer should be denied as prejudicial, or as a claim that Palmer waived the untimeliness defense by failing to assert it in his original Answer, Gary's claim that the bankruptcy court abused its discretion by failing to apply equitable considerations in ruling against him is unpersuasive. Specifically, Gary argues that the

10

bankruptcy court acted contrary to equity and fairness by exercising its discretion twice in Palmer's favor to vacate default and permit the late Amended Answer, while strictly enforcing the complaint timing limit to Gary's detriment and thereby dismissing the Adversary Proceeding.

Central to this issue is the timing requirement for the filing of an adversary proceeding under 11 U.S.C. § 523(c) in order to object to the discharge of a particular debt. Except for certain limitations not relevant to this appeal, that provision states that:

> the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

11 U.S.C. § 523(c)(1). Federal Rule of Bankruptcy Procedure 4007(c) governs the timeframe for filing an adversary proceeding complaint in a Chapter 7 liquidation to determine whether a debt should be excepted from discharge under 11 U.S.C. § 523(c)(1):

> Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Fed. R. Bankr. P. 4007(c). A "court may enlarge the time for taking action under Rule[] . . . 4007(c) . . . only to the extent and under the conditions stated in [the Rule]." Fed. R. Bankr. P. 9006(b)(3).

The question whether it would be equitable to allow a defendant in an adversary proceeding belatedly to assert a defense that the complaint was untimely filed under Federal Rule of Bankruptcy Procedure 4007(c) was squarely addressed in *Kontrick v. Ryan*, 540 U.S. 443 (2004). In *Kontrick*, the United States Supreme Court observed that "[o]rdinarily, under the Bankruptcy

11

Rules as under the Civil Rules, a defense is lost if it is not included in the answer or amended answer." 540 U.S. at 459 (citing Fed. R. Bankr. P. 7012(b)). However, an "answer may be amended to include an inadvertently omitted affirmative defense, and even after the time to amend . . . has passed, leave [to amend] shall be freely given when justice so requires.'" *Id.* at 458-59 (quoting Fed. R. Civ. P. 15(a)). In *Kontrick*, although a creditor's amended complaint objecting to his discharge was undisputedly untimely under analogous bankruptcy rules, the debtor did not assert a defense of untimeliness in his answer filed in June 1998 and did not object to the claim as untimely until after discovery and after the adversary complaint had been adjudicated on the merits on cross-motions for summary judgment, when the debtor included the argument in a motion for reconsideration of the February 2000 summary judgment ruling. *Id.* at 449-51 & n.3 (noting that the time prescriptions for objecting to discharge are "essentially the same" under Bankruptcy Rule 4004(a), applicable in that case, and Bankruptcy Rule 4007(c)). The Supreme Court held that where the defense had not been asserted until "after the party ha[d] litigated and lost the case on the merits," the debtor had forfeited the right to assert the defense. *Id.* at 458-60.

Here, the bankruptcy court acted within its discretion in applying *Kontrick* and granting leave to amend to add the untimeliness defense. Although Gary correctly notes that *Kontrick* only sets "the outside bounds" for when it is "certainly too late for a debtor" to raise an untimeliness defense, Reply Br. at 9, ECF No. 7, the bankruptcy court fairly considered *Kontrick*'s focus on whether the defense was raised before the bankruptcy court reached the merits of the adversary proceeding and found it significant that here, the proposed amendment to add the untimeliness defense was offered well in advance of any consideration of the merits of Gary's Complaint. Where *Kontrick* counsels that an answer may be amended to add an "inadvertently omitted affirmative defense" even after the time to amend had passed, 540 U.S. at 459, the bankruptcy

court appropriately considered that Palmer was self-represented and therefore likely acted inadvertently because he would not have known to assert that defense until he retained counsel.

Moreover, while leave to amend is to be freely given, Fed. R. Civ. P. 15(a)(2), and *Kontrick* imposes no limitation on an amended answer asserting an untimeliness defense, *see* 540 U.S. at 459, the plain language of Bankruptcy Rule 9006(b)(3) precludes any enlargement of the 60-day time period following the initial creditors' meeting for filing a complaint under 11 U.S.C. § 523(c), except as specifically provided under Bankruptcy Rule 4007(c), namely through a motion filed by the party in interest "*before* the time period has expired." Fed. R. Bankr. P. 4007(c) (emphasis added). Thus, although the deadlines in Bankruptcy Rule 9006(b)(3) are "claim-processing rules that do not delineate what cases bankruptcy courts are competent to adjudicate," *Kontrick*, 540 U.S. at 454, the applicable filing deadline is plainly more rigid than the requirements for amending an answer. The bankruptcy court thus could fairly excuse the self-represented debtor's failures to fail a timely original Answer and to include the untimeliness defense in that Answer while still holding Gary to his counsel's failure to file a timely Complaint, particularly where the bankruptcy court noted that its extension order contained language stressing the difference between the deadline to object to Palmer's discharge, which had been extended, and the deadline to object to the dischargeability of particular debts, which had not.

The fact that the bankruptcy court balanced equitable considerations in not finding the untimeliness defense waived is also apparent from its determination that it would deny Palmer's request for sanctions and attorney's fees where the untimely filing of the Complaint, though not excusable, was not the result of willfulness but instead was due to counsel's mistaken understanding of the deadline. The bankruptcy court thus acted within the discretion afforded to

13

it by the Federal Rules of Bankruptcy Procedure and well-settled precedent in permitting leave to amend and in considering the untimeliness defense.

Once it considered that defense, the bankruptcy court committed no error in dismissing the Complaint. *See In re McConkey*, No. 08–25164–JS, 2011 WL 1436431, at *5 (Bankr. D. Md. April 14, 2011) (stating that bankruptcy courts "have applied the Supreme Court's emphasis on enforcing deadlines and strictly enforced the deadlines imposed by Rule 4007(c)"). As previously noted, Gary challenges only the decisions to grant leave to amend and to consider the untimeliness defense. Gary expressly does not assert that once that defense was considered, the bankruptcy court should have applied equitable tolling to excuse the untimely filing of the Complaint. The Court therefore need not address such considerations. Accordingly, the Court concludes that the bankruptcy court did not abuse its discretion in granting leave to amend the Answer to add the untimeliness defense and to dismiss the Complaint based on that defense.

## CONCLUSION

For the foregoing reasons, the Order of the bankruptcy court will be AFFIRMED. A separate Order shall issue.

Date: March 25, 2020　　　　　　　　　　　　　　　/s/ *Theodore D. Chuang*
　　　　　　　　　　　　　　　　　　　　　　　　THEODORE D. CHUANG
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge